**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT A. ROOKER,** | : | |
| Individually and as Administrator of the | : | |
| **Estate of Robert C. Rooker**, Deceased | : | |
| 11448 State Route 220 | : | |
| Waverly, Ohio 45690 | : | |
| | : | |
| Plaintiff, | : | Case No. 2:16-cv-672 |
| | : | |
| v. | : | |
| | : | Judge _____ |
| **JOEL JENKINS**, Individually and in His | : | |
| Official Capacity as an Employee of | : | |
| **Pike County Sheriff's Office** | : | |
| 501 East Seventh Street | : | |
| Waverly, Ohio 45690 | : | |
| | : | |
| and | : | **COMPLAINT** |
| | : | |
| **TIMOTHY DICKERSON**, Individually | : | |
| and in His Official Capacity as an Employee | : | |
| of **Pike County Sheriff's Office** | : | **JURY DEMAND ENDORSED** |
| 116 South Market Street | : | **HEREON** |
| Waverly, Ohio 45690 | : | |
| | : | |
| and | : | |
| | : | |
| **PIKE COUNTY SHERIFF'S OFFICE,** | : | |
| **Then Sheriff Richard Henderson/Now** | : | |
| **Sheriff Charles Reader**, in His Official | : | |
| Capacity | | |
| 116 South Market Street | : | |
| Waverly, Ohio 45690 | : | |
| | : | |
| and | : | |
| | : | |
| **John Doe Defendants #1-10** | : | |
| Names and Addresses | : | |
| Unknown to Plaintiffs | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

Now comes Plaintiff, by and through counsel, and for his causes of action states as follows:

## JURISDICTION AND VENUE

1.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution and Ohio law.

2.      This Court has federal question jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

3.      This Court has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue lies in the Southern District of Ohio pursuant to 28 U.S.C. § 1391(b) as the events giving rise to the causes of action asserted herein took place in Pike County, Ohio.

5.      This is an action seeking damages in excess of seventy-five thousand dollars ($75,000.00), exclusive of costs, interest and attorney's fees.

## PARTIES

6.      At all times relevant hereto, Robert C. Rooker was a resident of 558 Fields Hollow Road, Village of Peebles, County of Pike, and State of Ohio.

7.      On March 29, 2015, Robert C. Rooker died as a result of injuries sustained on March 28, 2015 when he was shot by Defendant Joel Jenkins, a deputy employed by the Pike County Sheriff's Office.

8.      On June 8, 2015, Plaintiff Robert A. Rooker was appointed Administrator of the Estate of Robert C. Rooker, deceased, in the Probate Court of Pike County, Case

No. 20151039. Plaintiff Robert A. Rooker is a resident of 11448 State Route 220 in the Village of Waverly, County of Pike, and State of Ohio.

9.     Plaintiff Robert A. Rooker is the father of Robert C. Rooker and brings this action on his own behalf and for the benefit of Robert C. Rooker's next of kin.

10.     At all times relevant hereto, Defendant Joel Jenkins was a resident of 501 East Seventh Street in the Village of Waverly, County of Pike, and State of Ohio.

11.     At all times relevant hereto, Defendant Joel Jenkins was a law enforcement officer employed by the Pike County Sheriff's Office. Defendant Jenkins is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued individually and in his official capacity as an employee of the Pike County Sheriff's Office.

12.     At all times relevant hereto, Defendant Timothy Dickerson was a resident of Pike County in the State of Ohio.

13.     At all times relevant hereto, Defendant Timothy Dickerson was a law enforcement officer employed by the Pike County Sheriff's Office. Defendant Dickerson is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued individually and in his official capacity as an employee of the Pike County Sheriff's Office.

14.     At all times relevant hereto, Defendant Pike County Sheriff's Office duly employed Defendant Jenkins and Defendant Dickerson as Pike County deputy sheriffs who were acting under color of law. Charles Reader is the duly appointed Sheriff of Pike County, Ohio, succeeding former Sheriff Richard Henderson, who at all times relevant to

this case acted under color of law. The Sheriff is sued in his official capacity as an employee of the Pike County Sheriff's Office.

15.     Defendants John Doe #1-10 are individuals employed by the Pike County Sheriff's Office.

16.     The true names Defendants John Doe #1-10 could not be discovered by Plaintiff at this time and Plaintiff has sued these unknown Defendants under these fictitious names.

17.     When the true names of said Defendants John Doe #1-10 have been ascertained, Plaintiff will seek leave to amend this Complaint accordingly.

18.     Plaintiff is informed and believes that Defendants John Doe #1-10 are or may be legally responsible for events and occurrences that are described in this Complaint and that Defendants John Doe #1-10 proximately caused injuries and damages to Plaintiff's decedent as set forth herein.

## FACTUAL ALLEGATIONS

19.     At approximately 11:05 p.m. on March 28, 2015, a special deputy employed by the Pike County Sheriff's Office was running radar in the area of Beavers Ridge Road and State Route 104 when he observed a black Ford Ranger pickup truck driven by Robert C. Rooker coming towards him allegedly exceeding the posted speed limit.

20.     Rooker's vehicle was allegedly traveling at a speed of 52 mph in a 45 mph zone and, as he passed the special deputy, Rooker continued towards his home on Fields Hollow Road, a dead end gravel lane that provides access to a small community of homes nestled in the hills.

21.     Rooker's vehicle continued to accelerate and Defendant Dickerson and Defendant Jenkins were in hot pursuit behind Rooker in separate marked Sheriff's cruisers, with Defendant Dickerson in the lead vehicle with Defendant Jenkins right behind him.

22.     As Rooker made a left hand turn onto Fields Hollow Road, he hit the stop sign at the intersection causing his vehicle to spin around 180 degrees to face the vehicle driven by Defendant Dickerson. Rooker's vehicle came to a stop. At no time did Rooker advance his vehicle forward toward Grassy Fork Road or Defendant Dickerson after coming to rest on Fields Hollow Road.

23.     Defendant Dickerson exited his cruiser and, without justification or provocation, fired two shots at Rooker.

24.     After Defendant Dickerson fired the shots at Rooker, Defendant Jenkins drove his cruiser up to Rooker's vehicle, positioning the cruiser nose to nose with Rooker's pick up truck.

25.     As Rooker put his vehicle in reverse to back up Fields Hollow Road, a gravel lane with a creek bed running along side it, Defendant Jenkins began aggressively pushing Rooker's truck in a nose to nose position, pushing the vehicle approximately 100 yards down the lane over a small bridge and into the creek bed along the gravel lane.

26.     The rear end of Rooker's truck landed in the creek bed with the driver's side door wedged up against a tree, trapping Rooker inside the vehicle without any means to escape. The truck could not be moved as it was lodged in the creek bed. Rooker did not have a weapon and presented no danger to Defendant Dickerson or Defendant Jenkins.

27.     Defendant Jenkins, without any justification, fired approximately seven

(7) shots through the windshield, striking Rooker in the head and chest and killing him.

28.　　On December 10, 2015, Defendant Jenkins was indicted on charges of murder and reckless homicide in connection with the shooting of Robert C. Rooker. He was also indicted on charges of involuntary manslaughter, reckless homicide and tampering with evidence in connection with the shooting of Jason Brady on December 3, 2015.

## PLAINTIFF'S FIRST CAUSE OF ACTION
### [42 U.S.C. § 1983/Violation of Fourth Amendment]

29.　　Plaintiff incorporates by reference any and all statements and allegations contained in Paragraphs 1 through 28, as if fully rewritten in this First Cause of Action.

30.　　The law is clearly established that an officer may not use deadly force against a suspect unless the officer has probable cause to believe the suspect poses a significant threat of death or serious physical injury to the officer or others.

31.　　The law is clearly established that the use of deadly force to prevent the escape of a felony suspect, whatever the circumstances, is constitutionally unreasonable.

32.　　Defendant Jenkins and Defendant Dickerson were in pursuit of Rooker to apprehend him for operating his motor vehicle at an excessive speed.

33.　　When Rooker's vehicle came to a stop facing Defendant Dickerson's cruiser, Rooker was no longer actively resisting or attempting to evade arrest by fleeing.

34.　　Defendant Dickerson, acting under the color of state law, exited his cruiser and without justification or provocation, fired shots at Rooker.

35.　　Defendant Jenkins then positioned his cruiser nose to nose with Rooker's pick up truck and began aggressively striking and then pushing Rooker's truck in a nose to nose position down the lane. This resulted in physical damage to Rooker's truck.

36.    As Rooker's truck was being pushed up Fields Hollow Road, a dead end gravel lane, by Defendant Jenkins, Rooker was not actively resisting or attempting to evade arrest by fleeing.

37.    By continuing to aggressively push his cruiser toward Rooker's reversing vehicle, Defendant Jenkins engaged in reckless tactical decision making that created a dangerous situation.

38.    Neither Defendant Jenkins nor Defendant Dickerson had probable cause to believe that Rooker posed a significant imminent threat of death or serious physical injury to themselves or others when the truck spun out and Defendant Dickerson fired shots because Rooker was unarmed.

39.    Neither Defendant Jenkins nor Defendant Dickerson had probable cause or reasonable suspicion to believe that Rooker posed a significant imminent threat of death or serious physical injury to themselves or others once Rooker's truck was pushed into the creek bed along the gravel road. Rooker was pinned in his vehicle behind the steering wheel.

40.    Defendant Dickerson, acting under the color of state law, violated Robert C. Rooker's Fourth Amendment right to be free from excessive and deadly force when he fired shots at Rooker who was unarmed causing extreme fear and emotional distress.

41.    Defendant Jenkins, acting under the color of state law, violated Robert C. Rooker's Fourth Amendment right to be free from excessive and deadly force when he repeatedly shot Rooker who was unarmed causing his death while Rooker was pinned in his vehicle behind the steering wheel.

42.    The actions of Defendant Dickerson and Defendant Jenkins were taken

with a malicious purpose and/or in a wanton or reckless manner.

43.     As a result of the actions of Defendant Dickerson and Defendant Jenkins, Robert C. Rooker experienced extreme emotional distress, fear and property damage. He was fatally wounded by gunshots and died at the scene while pinned in his vehicle.

## PLAINTIFF'S SECOND CAUSE OF ACTION
### [Willful, Wanton and Reckless Conduct]

44.     Plaintiff incorporates by reference any and all statements and allegations contained in Paragraphs 1 through 42, as if fully rewritten in this Second Cause of Action.

45.     Defendant Dickerson and Defendant Jenkins failed to exercise due care and acted in a willful, wanton, and reckless manner while engaged in their duties as deputy sheriffs for the Pike County Sheriff's Office which culminated in the death of Robert C. Rooker.

46.     Such reckless, wanton, and willful conduct proximately caused the death of Robert C. Rooker.

47.     As a direct and proximate result of the misconduct of Defendant Dickerson and Defendant Jenkins, Robert C. Rooker experienced extreme emotional distress, fear, and property damage. He was fatally wounded and died at the scene while pinned in his vehicle.

## PLAINTIFF'S THIRD CAUSE OF ACTION
### [Wrongful Death]

48.     Plaintiff incorporates by reference any and all statements and allegations contained in Paragraphs 1 through 47, as if fully rewritten in this Fourth Cause of Action.

49.     As a direct and proximate result of the Defendants' reckless, wanton, willful and/or intentional acts and/or omissions, Robert C. Rooker died wrongfully.

50.     As a direct and proximate result of the wrongful death of Plaintiff Robert A. Rooker's decedent Robert C. Rooker, Plaintiff Robert A. Rooker and the next of kin of Robert C. Rooker have suffered, and will continue to suffer into the indefinite future, extreme mental anguish, emotional distress and loss of consortium, and have permanently lost the society, love, support, and services of Robert C. Rooker.

51.     As a direct and proximate result of the wrongful death of Plaintiff Robert A. Rooker's decedent, the Estate of Robert C. Rooker incurred reasonable and necessary funeral expenses, loss of earnings and loss of inheritance.

## PLAINTIFF'S FOURTH CAUSE OF ACTION
### [Survivorship Action]

52.     Plaintiff incorporates by reference any and all statements and allegations contained in Paragraphs 1 through 51, as if fully rewritten in this Fifth Cause of Action.

53.     As Administrator of the Estate of Robert C. Rooker, Plaintiff Robert A. Rooker brings this action for injuries and damages to Robert C. Rooker prior to his death for the benefit of his Estate.

54.     As a direct and proximate result of the Defendants' negligent and/or intentional acts and/or omissions, Plaintiff's decedent, Robert C. Rooker, suffered the injuries described in the foregoing paragraphs including, but not limited to, extreme emotional distress and fear, as well as property damage to his clothing.

55.     As a direct and proximate result of the Defendants' reckless, wanton, willful and/or intentional acts and/or omissions, Plaintiff's decedent, Robert C. Rooker, sustained conscious pain and suffering including, but not limited to, terrifying fear for his

life after first being shot at by Defendant Dickerson and then by Defendant Jenkins, multiple gunshots to his body that caused his wrongful death, pain and suffering, and property damage to his clothing.

**PLAINTIFF'S FIFTH CAUSE OF ACTION**
**[Enforcement of Custom or Policy and Failure to Train, Supervise, or**
**Discipline– Pike County Sheriff's Office]**

56.     Plaintiffs incorporate by reference any and all statements and allegations contained in Paragraphs 1 through 55, as if fully rewritten in this Fifth Cause of Action.

57.     At all times relevant herein, Defendant Jenkins and Defendant Dickerson were employees of Defendant Pike County Sheriff's Office and were acting under color of state law in the course and scope of their employment with Defendant Pike County Sheriff's Office.

58.     At all times relevant herein, Plaintiff's decedent, Robert C. Rooker, had a constitutional right to be free from the excessive and unreasonable use of force.

59.     Defendant Pike County Sheriff's Office, through the actions of then Sheriff Richard Henderson, individually and in his official capacity, violated Rooker's constitutional rights through enforcement of a county custom or policy that resulted in a failure to train, supervise, or discipline officers regarding the avoidance of constitutional violations and the appropriate techniques for apprehending individuals suspected of violating the law.

60.     At all times relevant herein, Defendant Jenkins and Defendant Dickerson were carrying out the official policy and custom of Defendant Pike County Sheriff's Office with respect to the apprehension of individuals suspected of violating the law.

61.     Defendant Pike County Sheriff's Office failed to provide adequate training

to its deputy sheriffs in connection with what constitutes excessive force and under what circumstances deadly force may be used.

62.     The failures by Defendant Pike County Sheriff's Office and then Sheriff Richard Henderson amount to deliberate indifference to the rights of Plaintiff's decedent and were the moving force behind the constitutional violations set forth in this Complaint.

63.     The failure to train, supervise or discipline deputy sheriffs by Defendant Pike County Sheriff's Office and then Sheriff Richard Henderson was so obvious, and the inadequacy was so likely to result in a violation of constitutional rights, that Defendant Pike County Sheriff's Office and then Sheriff Richard Henderson can reasonably said to have been deliberately indifferent, by and through its/his employees and/or agents, to the need for such training, supervision, or discipline.

64.     The failure to train, supervise or discipline deputy sheriffs proximately cause the constitutional violations set forth in the Complaint. These violations would not have occurred if Defendant Pike County Sheriff's Office and then Sheriff Richard Henderson had provided adequate training, supervision, or discipline.

65.     As a direct and proximate result of the acts or omissions of Defendant Pike County Sheriff's Office and then Sheriff Richard Henderson, by and through its/his employees and/or agents, Defendant Jenkins and Defendant Dickerson exercised deadly and excessive force in an attempt to apprehend Plaintiff's decedent, Robert C. Rooker, resulting in his injuries and wrongful death.

**WHEREFORE,** Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory, consequential, incidental, and special and medical damages

in the amount greater than Seventy-Five Thousand Dollars ($75,000.00) and punitive damages in an amount to be determined, together with the attorney fees and costs herein expended, and such other relief as may be just and appropriate in this case.

Respectfully submitted,

Daniel N. Abraham (0023457)
Colley Shroyer & Abraham Co., LPA
536 South High Street
Columbus OH 43215
Tele:  (614) 228-6453
Fax:  (614) 228-7122
Email:  dabraham@csajustice.com
*Trial Counsel for Plaintiff*

David I. Shroyer (0024099)
Colley Shroyer & Abraham Co., LPA
536 South High Street
Columbus, Ohio 43215
Tele:  (614) 228-6453
Fax:  (614) 228-7122
Email:  dshroyer@csajustice.com
*Co-counsel for Plaintiff*

## JURY DEMAND

Now comes Plaintiff, by and through counsel, and demands a trial by jury as to all issues triable thereto.

Daniel N. Abraham (0023457)
*Trial Counsel for Plaintiffs*